OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
According to the prosecutor’s information which replaced the original accusatory instrument, defendant was charged with 17 counts of overdriving, torturing and injuring animals; failure to provide proper sustenance (Agriculture and Markets Law § 353), and seven counts of abandonment (Agriculture and Markets Law § 355). The court dismissed several counts prior to trial, and of the 11 counts submitted to the jury, defendant was only found guilty of four counts of abandoning animals.
On appeal, defendant argues that ASPCA agents unlawfully entered the subject premises without a warrant, and that the conviction was not supported by the evidence.
It is well settled that a warrantless search may be conducted under the emergency doctrine, where there is a “ ‘substantial threat of imminent danger to either life, health, or property’ ” (People v Mitchell, 39 NY2d 173, 178). Since the protection of property is encompassed in the doctrine, this court finds no reason not to include therein the protection of animals which constitute property (3 NY Jur 2d, Animals, § 3). While there is currently no authority in this State specifically including the protection of animals within the emergency exception, the facts of the instant matter patently invite such inclusion.
In People v Mitchell (supra, at 177-178), the Court of Appeals enumerated the three basic elements of the emergency exception as follows:
“(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.
*421 “(2) The search must not be primarily motivated by intent to arrest and seize evidence.
“(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.”
In the instant case, a complaint was received by the investigating officer that there was a closed pet shop with dead animals observable from the front window. Further, upon inspection by the ASPCA officer, several dead animals were observed from the front window, and a dog was heard barking “plaintively” from inside the store. Based upon the dead animals and barking dog, it was highly probable that there were living creatures inside the store which required emergency medical attention. Second, the testimony of the ASPCA officer and the eyewitnesses at the scene clearly establishes that the motivation for the search was the possibility that the store contained living animals that required immediate medical attention. Thus, entry into the closed store was not for the purpose of initiating a criminal investigation, but was rather to rescue the livestock. The fact that no human life was in danger does not vitiate the urgency of the rescue.
Finally, the relationship between the area searched and the emergency was obvious. The dead animals and the barking dog were contained within a locked abandoned pet shop, and rescue could occur only by gaining entry to the premises.
Thus, based upon the foregoing, the hearing court properly denied defendant’s motion to suppress the evidence obtained as a result of the entry and search of the pet shop. To hold otherwise would undermine this State’s efforts in regulating the welfare of animals.
Turning to defendant’s argument that the evidence adduced at trial was insufficient to support the conviction, we find that the evidence was indeed sufficient and that his guilt was proven beyond a reasonable doubt.
Section 355 of the Agriculture and Markets Law states as follows: “A person being the owner or possessor, or having charge or custody of an animal, who abandons such animal, or leaves it to die in a street, road or public place, or who allows such animal, if it become disabled, to lie in a public street, road or public place more than three hours after he receives notice that it is left disabled, is guilty of a misdemeanor, punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or by both.”
*422 At trial, the People established that defendant had custody and control of the subject animals and that said animals were abandoned. By defendant’s own admission, he was responsible for the day-to-day operation of the pet shop and returned to the shop daily after it closed. Defendant’s guilt was further established by the fact that the animals found in the shop were either dead, sick or made to live in an unsanitary environment. Thus, viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620), and in deference to the triers of fact who had the opportunity to “view the witnesses, hear the testimony and observe demeanor,” we are satisfied that the conviction was supported by the evidence (People v Bleakley, 69 NY2d 490, 495).
Kassoff, P. J., Chetta and Patterson, JJ., concur.