OPINION OF THE COURT
 

 Smith, J.
 

 The issue common to both appeals is whether there is a jurisdictional defect that can be raised following defendants’ pleas. In both cases, we conclude that there was no jurisdictional defect, and that defendants forfeited their claims by their pleas.
 

 
 *117
 
 I.
 

 People v Keizer
 

 Defendant Morgan Keizer was charged by misdemeanor complaint with petit larceny and criminal possession of stolen property in the fifth degree after he allegedly attempted to leave a Barnes & Noble bookstore with two books that he had not purchased. The complaint was supported by an affidavit, in which a bookstore security guard averred that he had seen defendant steal the property. At arraignment before Criminal Court, defendant sought and was permitted to plead guilty to disorderly conduct in exchange for a sentence of a conditional discharge and two days of community service. Thereafter, defendant appealed, arguing that the plea was jurisdictionally defective because he pleaded to an offense that was neither charged in the complaint nor constituted a lesser included offense of the offenses charged.
 

 Appellate Term affirmed the conviction. The court reasoned that Criminal Court had correctly accepted defendant’s plea to disorderly conduct, a violation of a lesser degree than the theft related misdemeanor charges. The court noted that the plea was voluntary and further determined that the plea was not inconsistent with the statutory rationale limiting guilty pleas to actual lesser included offenses or to crimes akin to such lesser included offenses. A Judge of this Court granted leave.
 

 On this appeal, defendant argues that Criminal Court lacked jurisdiction to convict defendant on his plea of disorderly conduct because this offense was neither charged in the complaint nor included as a lesser included offense for purposes of plea bargaining. We disagree and affirm the order of Appellate Term.
 

 A trial court’s jurisdiction to commence a criminal action is obtained in the case of a misdemeanor offense by means of a complaint. “A ‘misdemeanor complaint’ is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, at least one of which is a misdemeanor and none of which is a felony”
 
 (see
 
 CPL 100.10 [4]).
 
 [1]
 
 A misdemeanor complaint may serve as the basis for prosecution where the de
 
 *118
 
 fendant has waived prosecution by information. There is no dispute in the present case that the complaint was valid and that defendant waived prosecution by information and a formal allocution. The court thus had jurisdiction over defendant.
 

 A court’s authority to accept a plea agreement is a different matter, and that authority is conferred by statute and common law. Section 220.10 of the Criminal Procedure Law provides that “[t]he only kinds of pleas which may be entered to an indictment are those specified in this section.” Section 340.20 (1) of the Criminal Procedure Law provides that to the extent practicable, article 220 also governs the ability to enter a plea to a misdemeanor complaint or information.
 

 A court’s authority to accept a plea is additionally necessitated by specific policy goals. Plea bargaining is a valued component of the criminal justice system and when properly administered, can benefit both parties and save valuable judicial resources
 
 (see People v Selikoff,
 
 35 NY2d 227 [1974],
 
 cert denied
 
 419 US 1122 [1975]). A guilty plea, moreover, generally marks the end of a criminal case, not a gateway to further litigation
 
 (see People v Taylor,
 
 65 NY2d 1, 5 [1985]).
 

 In
 
 People v Ford
 
 (62 NY2d 275 [1984]), defendant was convicted after trial of a lesser offense that was not charged in the indictment or a lesser-included offense. Our Court addressed whether a jurisdictional defect arose based on the trial court’s power under article I, § 6 of the New York Constitution to try actions upon grand jury indictment
 
 (see People v Iannone,
 
 45 NY2d 589, 593-595 [1978]). We concluded that “[a]n error by the trial court in submitting or considering a lesser crime arising out of the same transaction that is not a lesser included offense does not affect that court’s competence to entertain the action or to convict of that crime, but only its authority to enter a judgment on the merits against defendant on that specific charge in particular facts of that case. Such an error is not jurisdictional” (62 NY2d at 282-283).
 
 [2]
 

 Subsequently, in
 
 People v Johnson
 
 (89 NY2d 905, 907 [1996]), we considered the implications of article I, § 6 in the
 
 *119
 
 context of guilty pleas. We concluded that a jurisdictional defect was implicated when the defendant pleaded guilty to charges equal to or higher than those for which he was indicted. We have long acknowledged that the protection of article I, § 6 “is not a limitation directed to the courts, but rather to the State, and its function is to prevent prosecutorial excess by ensuring that ‘before an individual may be publicly accused of crime and put to the onerous task of defending himself from such accusations, the State must convince a Grand Jury composed of the accused’s peers that there exists sufficient evidence and legal reason to believe the accused guilty’ ”
 
 (Ford,
 
 62 NY2d at 282, quoting
 
 People v Iannone,
 
 45 NY2d at 594). Thus, any attempt to abrogate that restriction through the plea process raises fundamental jurisdictional issues. A prosecutor cannot bring an indictment or felony complaint and then attempt to avoid the protections of article I, § 6 by soliciting a plea to alleged criminal activity that has no common element (in law or fact) to the crimes alleged in the indictment or felony complaint.
 

 By contrast, the present case concerns misdemeanors, jurisdiction over which is grounded in the Criminal Procedure Law
 
 (see People v Case,
 
 42 NY2d 98, 99-100 [1977]). The specific constitutional limitations, and their underlying policies, that restrict the plea process for felony charges are not present here. The question now before us is whether Criminal Court’s jurisdiction, validly established, was subsequently abrogated by acceptance of a guilty plea to a lesser offense not charged in the complaint. It was not.
 

 We see no constitutional impediment to the plea. Nor, in the circumstances alleged here, was there any statutory noncompliance rising to the level of a jurisdictional defect
 
 (cf. People v Harper,
 
 37 NY2d 96 [1975]) thwarting defendant’s plea to a lesser crime not included in the accusatory instrument. Any claim of error that the disposition was not statutorily authorized is thus forfeited by his guilty plea.
 

 II.
 

 People v Pittman
 

 Defendant Johnnie Pittman was arrested and charged with criminal possession of a controlled substance in the seventh degree. In the accusatory instrument, the officer averred as follows:
 

 “the facts of which this accusation is made are
 
 *120
 
 OF MY OWN KNOWLEDGE [AND] ON INFORMATION AND BELIEF * * *.
 

 “A. Of my own knowledge
 

 “A person is guilty of criminal possession of a controlled substance in the seventh degree when he/ she knowingly and unlawfully possesses a controlled substance.
 

 “B. On information and belief
 

 “The defendant, johnnie pittman, at 143 north miller street in the City of Newburgh, County of Orange, New York on or about 12/23/99 at 11:22 am, did knowingly and unlawfully possess a controlled substance, specifically crack-cocaine; in that the defendant did knowingly and unlawfully possess in his left hand one plastic baggie containing an off white rock like substance which field tested positive for the presence of cocaine.
 

 “This information is based on your deponent’s direct observations and investigations as a police officer.”
 

 The officer’s field test affidavit supported the information. The report stated that a test was conducted at 55 Broadway at 11:45 a.m., and that the substance tested was found to be cocaine, weighing .4 gram.
 

 Defendant moved to dismiss the accusatory instrument pursuant to CPL 170.30 (1); 170.35 and 100.40 (1). Specifically, defendant alleged:
 

 “The accusatory instrument lodged against the defendant consists of a complaint signed by a police officer based on ‘my own [k]nowledge and o[n] information and belief.’ It is impossible to determine which part of the allegations, if any, is based on the complain [an] t’s own knowledge and which part is based on information and belief. While a complaint may be based on either personal knowledge or information and belief, a perfected information, by its very nature, must be based solely on personal knowledge. Compare C.P.L. Section 100.15 with C.P.L. Section 100.40 (1) (c).”
 

 City Court denied defendant’s motion to dismiss the informa
 
 *121
 
 tion, stating that it was insufficient on its face because it set forth only boilerplate conclusions. Thereafter, the court asked the People if they had an offer to convey. The People offered defendant a plea to disorderly conduct
 
 [3]
 
 and payment of a fine. Defendant accepted the bargain. Defendant was convicted on his plea of disorderly conduct, and then appealed.
 

 Appellate Term reversed the conviction and dismissed the accusatory instrument as jurisdictionally defective, reasoning that “the nonhearsay allegations failed to establish each and every element of the offense charged.” A Judge of this Court granted the People leave to appeal. We hold that a purported hearsay defect in an accusatory instrument is non-jurisdictional and, thus, forfeited by a guilty plea. We reverse the order of the Appellate Term.
 

 In
 
 People v Casey
 
 (95 NY2d 354 [2000]), this Court held that hearsay defects in accusatory instruments were nonjurisdictional, and, thus, waivable if not raised in the first instance at the trial level. Our conclusion was based on three grounds.
 

 First, we noted that our well-settled pre-CPL accusatory instrument jurisprudence required nonhearsay pleadings, but any hearsay defect was waived by a failure to raise the issue in a pretrial motion. Second, we noted that nothing in the legislative history of CPL 100.40 (1) (c) evinced an intent to tighten the criminal pleading rules of our earlier decisions. To the contrary, we noted that particular provisions of the CPL evinced an intent to loosen the prior case law’s requirement that accusatory instruments make nonhearsay allegations
 
 (see
 
 CPL 120.20 [1] [permitting a misdemeanor complaint, which may include hearsay, to serve not only as the basis for initiating a criminal action, but also for issuance of an arrest warrant]; CPL 70.10 [2] [“ ‘Reasonable cause to believe that a person has committed an offense’ * * * may include or consist of hearsay”]). In particular, this Court observed that under CPL 170.65 (3), a criminal defendant is permitted to waive the right to be tried on a nonhearsay accusatory instrument.
 

 Third, we noted that hearsay defects did not fit within the narrow exceptions to the preservation rule created by this Court’s precedents: hearsay defects are neither subject matter violations nor mode of proceedings errors, neither of which requires preservation
 
 (see People v Casey,
 
 95 NY2d at 365-
 
 *122
 
 367). In
 
 People v Bradner
 
 (107 NY 1 [1887]), we described the types of procedural defects not requiring preservation to include those where “the court had no jurisdiction, or * * * the constitutional method of trial by jury was disregarded * * * or [there was] some other defect in the proceedings, which could not be waived or cured and is fundamental”
 
 (id.
 
 at 4).
 

 Thus, in
 
 People v Casey,
 
 we held that a defendant who was charged on a misdemeanor information with criminal contempt for violation of a temporary order of protection, but who alleged for the first time on appeal that the information failed to set forth any nonhearsay allegation of an element of the offense of contempt, had failed to preserve the hearsay defect. We were, therefore, precluded from considering the defect on appeal.
 

 The present case presents a variant of the question posed in
 
 Casey
 
 where we held that an objection to a purported hearsay defect in an accusatory instrument must be preserved for appeal purposes by raising the objection in the first instance at the trial court. In the present case, the question is whether a defendant’s claim of a nonjurisdictional hearsay defect in the accusatory instrument raised at the trial court survives a guilty plea. We conclude that it does not.
 

 There is no mechanical rule that fixes when a claim is forfeited by a guilty plea. But because “a plea usually removes the issue of factual guilt from a case, resolution of the question may be guided by determining whether the claim relates to the factual elements of the crime charged, or to some other, fundamental matter”
 
 (People v Taylor,
 
 65 NY2d at 5).
 

 Thus, in
 
 People v Hansen
 
 (95 NY2d 227 [2000]), we held that defendant, by his guilty plea, had forfeited his right to raise on appeal the claim that a videotape was improperly admitted before the grand jury and thus amounted to unsworn hearsay that prejudiced him. We reasoned that defendant was essentially seeking a review of the fact-finding process engaged in by the grand jury. “To allow such a right to survive here would be fundamentally inconsistent with the plea of guilty, because, at its base, the claim essentially relates to the quantum of proof required to satisfy the factual elements of the crimes considered by the Grand Jury”
 
 (id.
 
 at 232 [citation omitted];
 
 see also People v Taylor,
 
 65 NY2d at 7 [by raising on appeal the People’s late notice of intent to put on witnesses, “defendant seeks to invoke a statutory right designed to facilitate the introduction into evidence of trustworthy statements
 
 *123
 
 and identifications at a trial on the issue of guilt. As such, the right bears directly on defendant’s factual guilt. But by his guilty plea, defendant has removed this issue from the case” absent express statutory authorization to resuscitate it on appeal]).
 

 In the present case, defendant claimed before the trial court that the information failed to state facts but instead relied on hearsay in stating the offense. Having pleaded guilty, defendant cannot now revisit an alleged hearsay defect. This claim is forfeited by operation of law as a consequence of his guilty plea.
 

 Finally, defendant’s claim that his guilty plea to disorderly conduct was jurisdictionally defective because it was not for a valid lesser included offense is forfeited for the reasons stated in
 
 People v Keizer,
 
 decided herewith.
 

 Accordingly, in
 
 People v Pittman,
 
 the order of the Appellate Term, Ninth and Tenth Judicial Districts, should be reversed and the case remitted to that court
 
 (see
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]). In
 
 People v Keizer,
 
 the order of the Appellate Term, First Department, should be affirmed.
 

 Chief. Judge Kaye and Judges Ciparick, Wesley, Rosenblatt, Grappeo and Read concur.
 

 In
 
 People v Keizer:
 
 Order affirmed.
 

 In
 
 People v Pittman:
 
 Order reversed and case remitted to the Appellate Term for the Ninth and Tenth Judicial Districts for further proceedings in accordance with the opinion herein.
 

 [1]
 

 . A complaint must contain an accusatory part and a factual part
 
 (see
 
 CPL 100.15 [1]). “The accusatory part * * * must designate the offense or offenses charged” (CPL 100.15 [2]). “The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary
 
 *118
 
 character supporting or tending to support the charges. * * * The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief’ (CPL 100.15 [3]).
 

 [2]
 

 . We have held that a defendant may plead guilty to a crime for which there is no factual basis and even plead guilty to a hypothetical crime
 
 (People v Francis,
 
 38 NY2d 150, 155-156 [1975] [affirming plea to class E felony on a charge of class D felony where the law was ambiguous and might be interpreted to support only a misdemeanor charge]).
 

 [3]
 

 . A defendant is guilty of disorderly conduct if he acts with “intent to cause public inconvenience, annoyance or alarm” or “recklessly creat[es] a risk thereof’ (Penal Law § 240.20).