Marilyn SHAPIRO, Plaintiff–Appellant,

v.

CITY OF GLEN COVE, Anthony Maurino, Daniel Russell, Robert Grella, John McDougal, Frank Loviglio, Glenn Shutt * and Carol Weiss, also known as Carol Horvath, Defendants–Cross–Claimants–Appellees.

No. 05–3827–cv.

United States Court of Appeals, Second Circuit.

May 22, 2007.

* The Clerk of the Court is directed to amend the official caption to reflect the correct spelling of defendant-cross-claimant-appellee Glenn Shutt's name.

Lucia Maria Ciaravino (Thomas F. Liotti, on the brief), Garden City, NY, for Plaintiff–Appellant.

Patrick McGinley (Daniel P. Deegan, on the brief), Crowe Deegan, LLP, Glen Cove, NY, for Defendants–Cross–Claimants–Appellees the City of Glen Cove, Anthony Maurino, Daniel Russell, Robert Grella, John McDougal, Frank Loviglio, and Glenn Shutt.

Elan Wurtzel, Plainview, NY, for Defendant–Cross–Claimant–Appellee Carol Weiss–Horvath.

Present: Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. NANCY GERTNER, District Judge.**

### SUMMARY ORDER

Plaintiff-appellant Marilyn Shapiro appeals from two orders of the United States District Court for the Eastern District of New York (Wall, M.J.): a May 5, 2005, 2005 WL 1076292, order granting summary judgment for defendants-cross-claimants-appellees the City of Glen Cove, Anthony Maurino, Daniel Russell, Robert Grella, John McDougal, Frank Loviglio, and Glenn Shutt (collectively, the "Glen Cove defendants") and Carol Weiss–Horvath; and a June 15, 2005 amended order awarding Weiss–Horvath partial attorney's fees and costs. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Shapiro first contends that the district court improperly granted summary judgment for the Glen Cove defendants on her claim that they violated her Fourth Amendment rights by searching her house without a warrant or pursuant to a valid exception to the warrant requirement. The undisputed information available to the officers at the time, however—that on a cold day several dogs had been seen and heard barking inside an uninhabited, dirty, partially renovated house that lacked electricity and heat—suggested that the dogs were in urgent need of assistance. The Glen Cove defendants are entitled to qualified immunity on this claim because "it would not have been clear to a reasonable officer in their position that their conduct was unlawful." *Zieper v. Metzinger*, 474 F.3d 60, 68 (2d Cir.2007). It was not clearly established at the time, nor is it now, whether police officers may enter a dwelling to render emergency assistance to animals. *Compare Brigham City, Utah v. Stuart*, — U.S. —, 126 S.Ct. 1943, 1947, 164 L.Ed.2d 650 (2006) (providing that "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury"), *with Siebert v. Severino*, 256 F.3d 648, 657 (7th Cir.2001) (suggesting, without deciding, that "[e]xigent circumstances may justify warrantless seizure of animals"); *DiCesare v. Stuart*, 12 F.3d 973, 977–78 (10th Cir.1993) (same); *People v. Rogers*, 184 Misc.2d 419, 708 N.Y.S.2d 795 (2000) (holding that a warrantless search of a closed pet store was justified by the need to rescue animals in need of medical attention). It also would not have been clear to a reasonable officer whether the

** The Honorable Nancy Gertner, United States District Judge for the District of Massachu-setts, sitting by designation.

house, in its condition, was entitled to an undiminished expectation of privacy.

Shapiro next contends that the Glen Cove defendants were not entitled to summary judgment on her claim that they violated her Fourth Amendment rights by allowing members of the news media to enter and remain in her home during the search. Shapiro, however, has failed to present any competent evidence to support her contention that members of the news media entered the house while the police were there. Although Richard Brito stated in an affidavit filed in support of Shapiro's opposition to summary judgment that he observed members of the news media entering the house, his earlier deposition testimony was to the contrary. *See Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir. 2001) ("[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [the plaintiff's] own prior deposition testimony."). Shapiro provided no evidence, by means of a witness or a copy of a videotape, to support her assertion that a television news program aired video footage taken inside the house during the search, nor did she offer competent evidence that the newspaper photograph of the inside of the house was taken by a newspaper photographer as opposed to one of the Glen Cove defendants, as the defendants assert.

■ We also reject Shapiro's challenges to the district court's grant of summary judgment for Weiss–Horvath. First, no evidence supports Shapiro's contention that Weiss–Horvath acted jointly with the Glen Cove defendants to deprive her of her constitutional rights, and ample evidence shows that the Glen Cove officials who searched her house exercised independent judgment rather than acting at Weiss–Horvath's direction. *See Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d 268, 271–72 (2d Cir.1999). Second, Weiss–Horvath's entry onto Shapiro's property was privileged given that the cold weather, condition of the. house, and sounds of dogs barking all suggested that animals were in need of assistance. *See People v. Gallmon,* 19 N.Y.2d 389, 393, 280 N.Y.S.2d 356, 227 N.E.2d 284 (1967) ("[A] private individual might make . . . an entry [onto another's property] if it reasonably appears that his intrusion and presence would avert injury to the occupant or his chattels." (citing *Restatement (Second) of Torts* § 197)).

■ We find no abuse of discretion in the district court's decision to award Weiss–Horvath attorney's fees and costs related to her defense of Shapiro's suit under 42 U.S.C. § 1983 after finding that this claim was frivolous. *See Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994). The district court also did not abuse its discretion in awarding Weiss–Horvath's counsel reasonable fees that exceeded the amounts Weiss–Horvath was obligated to pay under her fee arrangement. The Supreme Court has held that a prevailing plaintiff in a Section 1983 suit may recover attorney's fees at a reasonable rate even if that rate is higher what his or her attorney actually charged, *see Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), and Shapiro has offered no argument as to why a different rule should apply to prevailing defendants. Finally, we decline to award Weiss–Horvath attorney's fees and costs on appeal, *see* Fed. R.App. P. 38, because Shapiro's appeal is not sufficiently unreasonable and vexatious. *See In re 60 East 80th St.*

*Equities, Inc.,* 218 F.3d 109, 115, 120 (2d Cir.2000).