The People of the State of New York, Respondent,
against
Carl K. Spasoff, Appellant.



Appeal from judgments of the Justice Court of the Town of Harrison, Westchester County (Nelson E. Canter, J.), rendered March 25, 2014. The judgments convicted defendant, upon his pleas of guilty, of criminal possession of stolen property in the fifth degree, petit larceny, and criminal contempt in the second degree, respectively.




ORDERED that the judgments convicting defendant of criminal possession of stolen property in the fifth degree and petit larceny are affirmed; and it is further,
ORDERED that the judgment convicting defendant of criminal contempt in the second degree is reversed, on the law, and the accusatory instrument charging that offense is dismissed.
In separate accusatory instruments, defendant was charged with criminal possession of stolen property in the fifth degree (Penal Law § 165.40), petit larceny (Penal Law § 155.25), and criminal contempt in the second degree (Penal Law § 215.50 [3]). Prior to pleading guilty, defendant signed a misdemeanor waiver of rights form in which he waived "the filing of any information." There followed an extended discussion between defendant and the court, and, during his plea allocution, defendant stated, among other things, that, at the times and places alleged in the accusatory instruments charging criminal possession of stolen property in the fifth degree and petit larceny, respectively, he "st[ole] various tools without permission or authority of the owner," and "knowingly possess[ed] those stolen tools with the intent to benefit [himself] or a person other than the true owner and [he] did not have permission or authority to possess the [] tools." Defendant was sentenced immediately after pleading guilty.
On appeal, defendant challenges the facial sufficiency of the accusatory instruments and contends, among other things, that his plea to the charge of criminal possession of stolen property in the fifth degree was insufficient since it was not knowingly, intelligently and voluntarily made. We note that since defendant waived the filing of any information, each accusatory instrument must be reviewed by the standard applicable to a misdemeanor complaint (see People v Kalin, 12 NY3d 225, 228 [2009]). Pursuant to CPL 100.40 (4) (b), a misdemeanor complaint is sufficient on its face when it substantially conforms to the requirements prescribed in CPL 100.15, and the allegations of its factual portion, and/or any supporting depositions, provide reasonable cause to believe that the defendant committed the offense charged (see People v Guaman, 22 NY3d 678 [2014]; People v Kalin, 12 NY3d at 228; People v Dumas, 68 NY2d 729 [1986]). 
With respect to the accusatory instrument charging defendant with criminal possession of [*2]stolen property in the fifth degree, we find that it alleges facts of an evidentiary character supporting or tending to support the charge and which adequately provide "reasonable cause to believe" (CPL 100.15 [3]) that defendant "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than the owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.40). The mens rea of "knowing" can be inferred from the fact that the "various tools" that he was charged with possessing were located in a "wooden lock box," owned by ERSI Construction Company (ERSI) or Pepsi Bottling Company (Pepsi), and that such property was under the care and control of defendant, who was the only person to have access to the contents thereof by means of his possession of a key therefor (see e.g. People v Dumay, 23 NY3d 518, 525 [2014]; People v Bracey, 41 NY2d 296, 301 [1977]). There is no merit to defendant's contention that the accusatory instrument is defective because it fails to contain nonhearsay allegations of fact to show that ERSI or Pepsi owned the property. A misdemeanor complaint need not contain nonhearsay allegations, and, in any event, even if the accusatory instruments were reviewed under the standard applicable to an information, by pleading guilty, defendant forfeited any objection to hearsay allegations contained in the accusatory instruments (see People v Dreyden, 15 NY3d 100 [2010]; People v Keizer, 100 NY2d 114 [2003]). In addition, the allegations set forth in the accusatory instrument, which include the specified time and date of the occurrence, provided defendant with notice sufficient to prepare a defense and were adequately detailed to prevent defendant from being tried again for the same offense (see People v Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d at 231-232; People v Casey, 95 NY2d 354, 360 [2000]).
Defendant's present challenge to the sufficiency of his guilty plea to the charge of criminal possession of stolen property in the fifth degree is reviewable on direct appeal as defendant was sentenced immediately following his plea (see People v Williams, ___ NY3d ___, 2016 NY Slip Op 02551 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]). Contrary to defendant's contention, none of the statements he made during his plea allocution negated, or were inconsistent with, any element of the crime of criminal possession of stolen property in the fifth degree, and, therefore, further inquiry by the court was unnecessary (cf. People v Lopez, 71 NY2d at 666). As we find that defendant's plea was voluntarily, intelligently and knowingly entered into, we affirm the judgment convicting him of criminal possession of stolen property in the fifth degree.
With respect to the accusatory instrument charging defendant with petit larceny, for the reasons set forth above, we find that it too is facially sufficient (see People v Dreyden, 15 NY3d 100; People v Keizer, 100 NY2d 114; People v Kalin, 12 NY3d at 231-232; People v Casey, 95 NY2d at 360). Consequently, we affirm the judgment convicting defendant of petit larceny.
With respect to the accusatory instrument charging defendant with criminal contempt in the second degree, we note that to the extent that defendant's challenges are based on nonwaivable jurisdictional defects, they were not forfeited by his guilty plea (see People v Dreyden, 15 NY3d 100; People v Kalin, 12 NY3d 225; People v Konieczny, 2 NY3d 569 [2004]; People v Keizer, 100 NY2d at 122), and must be reviewed by this court as a question of law (see CPL 470.05 [2]) despite defendant's failure to raise them in the Justice Court (see People v Alejandro, 70 NY2d 133 [1987]).
Penal Law § 215.50 (3) provides, in part, as follows:
A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct:
* * *
3. Intentional disobedience or resistance to the lawful process or other mandate of a court . . . ."
The essential elements of criminal contempt in the second degree are that a lawful order of the court was in effect and was clearly expressed, that the defendant had knowledge of its provisions (although not necessarily through actual service of the order), and that the defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The factual [*3]portion of the accusatory instrument, as well as the supporting deposition, fail to contain any allegations that defendant was served with the order of protection, that he was present in court when it was issued, or that he signed the order of protection. We note that the record on appeal does not contain a copy of the order of protection accompanying the accusatory instrument (cf. People v Inserra, 4 NY3d 30, 33 [2004]). Consequently, the accusatory instrument charging defendant with criminal contempt in the second degree is jurisdictionally defective and must be dismissed.
Accordingly, the judgments convicting defendant of criminal possession of stolen property in the fifth degree and petit larceny are affirmed, and the judgment convicting defendant of criminal contempt in the second degree is reversed and the accusatory instrument charging that offense is dismissed.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: June 23, 2016