The People of the State of New York, Respondent, 
against
Jonathan Lenon, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael Gerstein, J.), rendered May 14, 2014. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with violating Agriculture and Markets Law § 355, in that, at approximately 12:35 a.m. on October 17, 2012, he left his dog tied to the door of a stairwell in an apartment building located at 417 Morgan Avenue in Brooklyn. According to the accusatory instrument, the police received a radio run of an abandoned pit bull at the above location. The police arrived and stayed with the dog at the location for approximately 45 minutes. When no one claimed the dog, the police took it to the precinct. The police also viewed a surveillance video of the stairwell, which showed defendant enter the building about 35 minutes before 12:35 a.m with the dog, and leave about 10 minutes before 12:35 a.m without the dog.
The People incorrectly claim that defendant's challenge to the accusatory instrument's facial sufficiency was waived by his plea of guilty. For an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.40 [1]; People v Casey, 95 NY2d 354, 360 [2000]). These requirements, with the exception of a claim of hearsay, which is waived if it is not raised in a timely motion, and forfeited as a consequence of a guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]), are jurisdictional (see People v Casey, 95 NY2d at 363-365) and not forfeited upon a plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Alejandro, 70 NY2d 133 [1987]; People v Burgess, 51 Misc 3d 140[A], 2016 NY Slip Op 50620[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). The law does not require that the most precise words or phrases be provided in an information, but only that the crime be alleged and the specifics set forth so that the defendant can prepare for trial, and not be tried again for the same offense (see People v Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d at 360).
Agriculture and Markets Law § 355, which makes "abandonment of animals" a crime, provides that:
"A person being the owner or possessor, or having charge or custody of an animal, who abandons such animal, or leaves it to die in a street, road or public place, or who allows such animal, if it become disabled, to lie in a public street, road or public place more than [*2]three hours after he receives notice that it is left disabled, is guilty of a misdemeanor, punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or by both."
The statute is drafted in the disjunctive, using the word "or" to separate the various ways in which this crime may be committed, by (1) abandonment of such animal, (2) leaving it to die in a street, road or public place, or (3) leaving a disabled animal to lie in a public street, road, or public place for more than three hours after he or she receives notice that the animal is disabled. Thus, all that the factual part of the information needed to allege in this case was that defendant had abandoned his dog. 
The information alleged that the police waited with the dog, which was tied up to the stairwell door when the police arrived at the location, for 45 minutes, until the police took the dog back to the station. Furthermore, the information indicated that defendant had left the dog unattended at a late hour for at least an additional 10 minutes. Finally, the information alleged that defendant admitted to the arresting officer that he had "a kid on the way" and "could not have the dog anymore." Thus, the allegations of the factual part of the information were sufficient to establish every element of Agriculture and Markets Law § 355, which is violated when a person abandons an animal. Contrary to defendant's contention, there is no requirement that the abandonment occur in a public place or that its duration exceed three hours (see People v Rogers, 184 Misc 2d 419, 421-422 [App Term, 2d Dept, 2d & 11th Jud Dists 2000]; People v Fritze, 28 Misc 3d 1220[A], 2010 NY Slip Op 51413[U], * 6 [Nassau Dist Ct 2010]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: November 28, 2016