The People of the State of New York, Respondent,
against
Raymond Oliveras, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Marc J. Whiten, J.), rendered August 20, 2013, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J.), rendered August 20, 2013, affirmed.
The count of the accusatory instrument charging defendant with petit larceny (see Penal Law § 155.25) was not jurisdictionally defective. For purposes of our threshold, pleading-stage inquiry, the taking element of the offense was satisfied by allegations that defendant, an employee of LKQ Hunts Point Auto, "without permission and authority, applied ten percent (10%) off coupons to certain invoices" after the "customers had paid in full and kept said percentage for himself," and that defendant did not have "permission or authority to apply said coupon or keep said monies" (see Penal Law § 155.05[2][a]; People v Yannett, 49 NY2d 296, 301 [1980]). Defendant's larcenous intent could be readily inferred from his conduct and from the surrounding circumstances (see People v Olivo, 52 NY2d 309, 320 n 8 [1981]). Any hearsay defects in the accusatory instrument were waived by defendant's guilty plea (see People v Keizer, 100 NY2d 114, 121-123 [2003]).
We agree with defendant, however, that the count of the accusatory instrument charging criminal possession of stolen property in the fifth degree (see Penal Law § 165.40) was jurisdictionally defective. The instrument failed to allege facts sufficient to establish essential elements of the offense, including that the property - i.e., the "coupons" - were "stolen by someone" (People v McFarland, 181 AD2d 1007 [1992], lv denied 79 NY2d 1051 [1992], quoting People v Corsetti, 10 AD2d 685 [1960]), and that defendant knew the property was stolen (see Matter of Carlique P., 42 AD3d 367,
369-370 [2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 22, 2018