The People of the State of New York, 
 Respondent,
against
Barry Boubacar, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Nicholas J. Iacovetta, J. at plea; John H. Wilson, J. at sentencing), rendered April 2, 2014, convicting him, upon his plea of guilty, of aggravated unlicensed operation of a vehicle in the second degree and driving while intoxicated, and imposing sentence.
Per Curiam.
Judgment of conviction (Nicholas J. Iacovetta, J. at plea; John H. Wilson, J. at sentencing), rendered April 2, 2014, affirmed.
Defendant's contention that his guilty plea to the added charge of aggravated unlicensed operation of a motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a][iv]) is invalid because it is a higher grade crime than those originally charged in the accusatory instrument is without merit. Inasmuch as the underlying accusatory instrument (docket number 2014BX011401) charged defendant with two felony counts of aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 511[3][a][i],[ii]), his plea of guilty to the lesser included offense of second-degree aggravated unlicensed operation of a motor vehicle was proper (see CPL 220.10[3] [defendant "may . . . enter a plea of guilty of a lesser included offense"]; see also People v Keizer, 100 NY2d 114 [2003]).
Furthermore, even if we were to conclude that defendant is entitled to vacatur of his plea, he expressly declines that remedy, requesting instead an outright dismissal, which we find unwarranted, given defendant's conduct in the underlying incident and his pattern of driving without a license and driving while intoxicated.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 5, 2020