People v Ouikhlef (2021 NY Slip Op 50261(U))

[*1]

People v Ouikhlef (Maxime)

2021 NY Slip Op 50261(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570244/19

The People of the State of New York,
Respondent,
against
Maxime Ouikhlef, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Richard A. Tsai, J.), rendered January 23, 2019, convicting him, upon a plea of
guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Richard A. Tsai, J.), rendered January 23, 2019, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid at least with respect to the charged offenses of making graffiti (see
Penal Law § 145.60[2]) and possession of graffiti instruments (see Penal Law
§ 145.65). The instrument recited that, in front of 310 West Broadway, a police officer
"observed the defendant affix a sticker depicting the word 'Maxime' [defendant's first name] on a
New York City light pole," that the officer "took a black marker from the defendant's" pocket, as
well as "three additional stickers depicting the word 'Maxime'" from defendant's pocket; that
based on the officer's training and experience, he determined that the recovered items "are of a
type commonly used to make graffiti;" that the officer was a "custodian of the property;" and that
defendant did not have permission or authority to "place any stickers on," or otherwise "deface
the property." These allegations were sufficient for pleading purposes since they provided
adequate notice to enable defendant to prepare a defense and invoke his protection against double
jeopardy (see People v Kasse, 22 NY3d 1142 [2014]).
Since at least one of the charged misdemeanor offenses was jurisdictionally valid, the court
had jurisdiction to accept defendant's plea to the uncharged lesser offense of disorderly conduct
(see People v Keizer, 100 NY2d 114, 117-119 [2003]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: March 26, 2021