People v Hunter (2022 NY Slip Op 50148(U))

[*1]

People v Hunter (Corey)

2022 NY Slip Op 50148(U) [74 Misc 3d 131(A)]

Decided on February 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-824 K CR

The People of the State of New York,
Respondent,
against
Corey Hunter, Appellant. 

Appellate Advocates (Olivia Gee and Michael Arthus of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Daniel Berman of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael D. Kitsis, J.), rendered April 2, 2019. The judgment convicted defendant, upon his plea
of guilty, of disorderly conduct, and imposed sentence. The appeal brings up for review the
denial, after a hearing (Elizabeth N. Warin, J.), of the branches of defendant's motion seeking to
suppress evidence of the police officer's observations regarding the condition of an apartment and
of four dogs, and evidence of a written statement defendant made to the police.

ORDERED that the judgment of conviction is reversed, on the law and the facts, defendant's
guilty plea is vacated, the branches of defendant's motion seeking to suppress evidence of the
police officer's observations regarding the condition of the apartment and of the four dogs, and
evidence of the written statement defendant made to the police are granted, and the accusatory
instrument is dismissed.
On March 5, 2018, defendant was arraigned on an accusatory instrument charging him with
four counts of violating Agriculture and Markets Law § 353 involving four dogs. Following
a combined Huntley/Dunaway/Mapp hearing, insofar as is relevant to this appeal, the
Criminal Court (Elizabeth N. Warin, J.) found that the police officer's warantless "entry to the
apartment was justified (People v Mitchell, 39 NY2d 173, 177-178 [1976])" and,
therefore, denied the branches of defendant's motion seeking to suppress evidence of the police
officer's observations regarding the condition of the four dogs and of the apartment in which they
were located, and evidence of a written statement defendant made to the police. Thereafter,
defendant pleaded guilty to one count of disorderly conduct (Penal Law § 240.20 [7]) in
satisfaction of the accusatory instrument, and sentence was imposed. On appeal, defendant
contends that the [*2]accusatory instrument is facially insufficient
and that the Criminal Court erred in finding that the police had legally entered the apartment
without a search warrant.
A challenge to the facial sufficiency of an accusatory instrument based on nonwaivable
jurisdictional defects is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d
100 [2010]; People v Kalin, 12 NY3d 225 [2009]; People v Konieczny, 2 NY3d
569 [2004]; People v Keizer, 100 NY2d 114, 122 [2003]). As the record does not reveal
that defendant waived prosecution by information, the facial sufficiency of the accusatory
instrument must be reviewed by the standards applicable to informations (see People v
Dumay, 23 NY3d 518, 522 [2014]).
Defendant argues that the accusatory instrument is insufficient because it does not allege that
he affirmatively committed any of the conduct set forth in the statute, to wit, that he neglected or
injured the dogs, or failed to provide them with veterinary care, or that he "in any way caused the
dogs' condition"; that the information does not contain sufficient circumstantial evidence from
which an inference could be drawn that he was responsible for the dogs' condition; that the
information does not allege that he was aware of the dogs' condition, or lived with the dogs, or
owned the apartment where the dogs were located, and that he was the sole caretaker of the
dogs.
The accusatory instrument alleged that, on December 19, 2017, a police officer went to
defendant's apartment and observed "four dogs living . . . with feces on the floor and with no
food or water and . . . recovered one adult female dog . . . and three . . . puppies from defendant's
care," and that the dogs were taken to a veterinary hospital. The instrument also contained the
veterinarian's statements that she had examined the dogs on December 20, 2017, and that the
adult female was malnourished with a prominently exposed rib cage and vertebrae, along with
diminished fat and muscle tissue, was dehydrated and weak, could not walk without assistance,
and had to be euthanized. The veterinarian further stated that the three puppies were
malnourished, had severely distended abdomens, and roundworms. These allegations were
sufficient, for pleading purposes, to establish, if true, every element of the offenses charged
(see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263
[2007]; People v Casey, 95 NY2d 354 [2000]). The allegations provided defendant with
adequate notice of the charges, so that he could prepare a defense, and were sufficiently detailed
to prevent defendant from being tried twice for the same offense (see People v Drelich,
32 NY3d 1032, 1032-1033 [2018]; People v Jackson, 18 NY3d 738, 747 [2012];
People v Sedlock, 8 NY3d 535, 538 [2007]; People v Konieczny, 2 NY3d at 575;
People v Casey, 95 NY2d at 360). Consequently, the accusatory instrument is facially
sufficient.
Defendant contends that the Criminal Court improperly determined that the police officer's
warrantless entry into the apartment was justified pursuant to the emergency doctrine exception
to the warrant requirement, as there were no reasonable grounds to believe that an emergency
existed and that there was an immediate need for the officer's assistance in order to protect life or
property (see People v Mitchell, 39 NY2d at 177-178). We note that the emergency
exception, which "sanctions warrantless searches and seizures" (People v Calhoun, 49
NY2d 398, 403 [1980]), applies to animals, which are considered property (see People v
Rogers, 184 Misc 2d 419, 420 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2000];
see also Shapiro v City of Glen Cove, 236 Fed Appx 645, 646 [2d Cir 2007]). It is the
People's burden, in the first instance, to establish the applicability of the doctrine (see People
v Hodge, 44 NY2d 553, 557 [*3][1978]; People v Williams, 146 AD3d 906,
908 [2017]).
Upon a review of the record, we find that the evidence adduced at the hearing did not
establish the existence of facts sufficient to provide the police officer with reasonable grounds to
believe that an emergency existed which required the immediate need for police assistance. The
officer knew only that a 911 caller had stated that "there were six dogs in the apartment that were
not being taken care of, they were not being fed, and there was dog feces, as well [as] garbage, in
the apartment." These assertions do not support the application of the emergency doctrine, which
is to be construed "narrowly," to justify the officer's entry and search of the apartment, to
ascertain that a "substantial threat of imminent danger" to the dogs may have existed (People
v Mitchell, 39 NY2d at 178; see
also People v Mormon, 100 AD3d 782, 783 [2012]; People v Guins, 165 AD2d
549, 552 [1991]).
In view of the foregoing, the branch of defendant's motion seeking to suppress evidence of
the police officer's observations regarding the conditions of the apartment and of the four dogs,
on the ground that the police officer had illegally entered the apartment without a search warrant,
should have been granted. Also, the branch of defendant's motion seeking to suppress evidence
of his written statement to the police should, likewise, have been granted as the statement was the
fruit of the poisonous tree, since it was not sufficiently attenuated from the taint of the illegal
entry and was obtained solely by the exploitation thereof (see Wong v United States, 371
US 471 [1963]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, the
branches of defendant's motion seeking to suppress evidence of the police officer's observations
regarding the condition of the apartment and of the four dogs, and evidence of the written
statement defendant made to the police are granted, and the accusatory instrument is dismissed
since, without the suppressed evidence, the People cannot prove defendant's guilt of the charged
crimes (see People v Carmichael, 92
AD3d 687, 688 [2012]).
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 18, 2022