People v Hendrickson (2024 NY Slip Op 50147(U))

[*1]

People v Hendrickson (Anthony)

2024 NY Slip Op 50147(U)

Decided on February 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570545/19

The People of the State of New York, Respondent,
against
Anthony Hendrickson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marisol Martinez Alonso, J.), rendered May 14, 2019, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Marisol Martinez Alonso, J.), rendered May 14, 2019, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid at least with respect to one of the charged misdemeanors. The instrument recited that inside of a club known as "Legend's Lounge," located at 2254 Fifth Avenue, which contained a bar and tables, a separately charged defendant, acting as the bartender, served an undercover officer two alcoholic beverages in exchange for $18; that the deponent officer had "spoken to the defendant [] approximately 7 times in the last three months ... regarding his ownership of 'Legends Lounge'"; and the defendant "could not produce a State Liquor Authority license when asked and [] none was posted in the club as required by law"; and that defendant stated "I know the license was turned in. Yes, I know I don't have one." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish reasonable cause to believe that defendant committed the offense of selling alcoholic beverages without a license (see Alcoholic Beverage Control Law § 100 [1]; People v Chavez-Zuniga, 48 Misc 3d 91 [App Term, 1st Dept 2015], lv denied 26 NY3d 1007 [2015]).
Since at least one of the charged misdemeanor offenses was jurisdictionally valid, the court had jurisdiction to accept defendant's plea to the uncharged lesser offense of disorderly conduct (see People v Keizer, 100 NY2d 114, 117-119 [2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 15, 2024