People v Alny (2025 NY Slip Op 50216(U))

[*1]

People v Alny (Joe)

2025 NY Slip Op 50216(U)

Decided on February 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570153/22

The People of the State of New York, Respondent,
against
Joe Alny, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Jonathan Svetkey, J.), rendered March 11, 2022, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered March 11, 2022, affirmed.
Since defendant waived the right to be prosecuted by information, the accusatory instrument must be assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of the charged offense of stalking in the fourth degree (see Penal Law § 120.45 [1]). The instrument recited that between October 1, 2021 and December 28, 2021, the victim "received approximately eleven voicemails from the defendant on her work cell phone and over twenty emails from the defendant," including messages stating that defendant: "tried many, many, many times based on my memories to call"; that he was "really disappointed why you don't visit me"; and "let's have sex." The instrument further stated that defendant "received a letter from [the victim's] place of work instructing him that he no longer had permission to enter [the victim's] place of work [and] the defendant entered and was outside of her place of work multiple times after he was in receipt of this letter"; and that defendant's conduct caused the victim to feel nervous, anxious and unsafe. These factual allegations and the reasonable inferences to be drawn from them were sufficient, for pleading purposes, to establish that defendant engaged in a course of conduct aimed at the victim that was likely to cause reasonable fear to her physical health and safety and was for no legitimate purpose (see People v Stuart, 100 NY2d 412, 428 [2003]; People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011], lv [*2]denied 16 NY3d 828 [2011]). Penal Law § 120.45 "properly reach[es] those delusional stalkers who believe either that their victims are in love with them or that they can win their victims' love by pursuing them" (People v Stuart, 100 NY2d at 427 [internal quotation marks and citation omitted]).
Since the stalking charge was facially sufficient, the court had jurisdiction over defendant and was authorized to accept his plea to the uncharged lesser offense of disorderly conduct (see People v Keizer, 100 NY2d 114, 117—118 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2025