People v Moore (2025 NY Slip Op 50519(U))

[*1]

People v Moore (Lenue)

2025 NY Slip Op 50519(U) [85 Misc 3d 138(A)]

Decided on April 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570486/19

The People of the State of New
York, Respondent,

against

Lenue Moore,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Michael J. Gaffey, J.), rendered June 4, 2019, convicting him, upon a
plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.

Judgment of conviction (Michael J. Gaffey, J.), rendered June 4, 2019, affirmed.

Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid
because it described facts of an evidentiary nature establishing, at a minimum, reasonable
cause to believe that defendant was guilty of criminal trespass in the third degree
(see Penal Law § 140.10 [a]). Contrary to defendant's contention, the "enters
or remains unlawfully" element of the offense was satisfied by allegations that he entered
the enclosed area of the subway station, beyond the turnstiles, "without permission or
authority to do so and without paying the required fare, by using a Reduced Fare
MetroCard ... which was issued for the exclusive use of another person and not the
defendant" (see People v
Jones, 64 Misc 3d 128[A], 2019 NY Slip Op 51000[U] [App Term, 1st Dept
2019], lv denied 34 NY3d 951 [2019]; People v Sweat, 57 Misc 3d 159[A], 2017 NY Slip Op
51692[U] [App Term, 1st Dept 2017], lv denied 31 NY3d 987 [2018]; People
v Williams, 2001 NY Slip Op 40486[U] [App Term, 1st Dept 2001], lv denied
97 NY2d 689 [2001]).

Since the third-degree criminal trespass charge was facially sufficient, the court had
jurisdiction over defendant and was authorized to accept his plea to the uncharged lesser
offense of disorderly conduct (see People v Keizer, 100 NY2d 114,
117—119 [2003]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: April 15, 2025