People v Doumbia
2026 NY Slip Op 50874(U)
June 9, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Harassment--Facial Sufficiency of Accusatory Instrument

The People of the State of New York, Respondent,
v
Moussa Doumbia, Defendant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 9, 2026
570018/23
Present: Tisch, J.P., Perez, Alpert, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jessica I. Flores, J.), rendered July 6, 2022, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.
[*1]
Per Curiam.
Judgment of conviction (Jessica I. Flores, J.), rendered July 6, 2022, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of second-degree harassment (see Penal Law § 240.26 [1]). Defendant's intent to harass, annoy and alarm the victim is reasonably inferred from allegations that he struck the victim "multiple times about the face with a closed fist causing [her] to suffer substantial pain, bruising, and a bleeding laceration to [her] right eyebrow" and that defendant removed the victim's cellular telephone from her person "and refused to give it back" (see Penal Law § 240.26; People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]).
In any event, even assuming the harassment charge was defective, the facially sufficient misdemeanor charges contained in the complaint, including third-degree assault, supported the guilty plea to harassment, a lesser offense (see People v Keizer, 100 NY2d 114 [2003]; see also People v Thiam, 34 NY3d 1040 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 9, 2026