■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RICHARDSON, Appellant. [751 NYS2d 14] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered November 8, 2000, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1½ to 3 years, respectively, unanimously affirmed.

The court properly admitted a tape recording of a 911 call by the victim's sister as both a present sense impression and an excited utterance. Contrary to defendant's argument, the record establishes that the victim's sister personally observed the events she reported. Although she did not see defendant stealing the victim's wallet, which occurred inside a store, she testified that she saw part of the wallet sticking out from defendant's pants pocket and observed the victim following defendant out of the store begging for defendant to return it to her. In addition to being based upon firsthand observation of the events, the 911 call satisfied all the remaining requirements for admission under the present sense impression and excited utterance exceptions to the hearsay rule, and there was no violation of defendant's right of confrontation (*see People v Buie*, 86 NY2d 501; *People v Caviness*, 38 NY2d 227, 230-231; *see also United States v Jones*, 299 F3d 103, 113-114).

The court properly declined to charge the lesser included offense of petit larceny since there was no reasonable view of the evidence to support that charge (*People v Scarborough*, 49 NY2d 364).

Given the direct contradiction between defendant's testimony and that of the People's witnesses, the prosecutor's cross-examination of defendant concerning the nature of that contradiction was permissible (*People v Overlee*, 236 AD2d 133, 139, *lv denied* 91 NY2d 976).

There was a sufficient foundation for the prosecutor's cross-examination of defendant and summation comments concerning the absence of a potential defense witness, and there was no shifting of the burden of proof (*see People v Tankleff*, 84 NY2d 992, 994-995).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.