OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
*46 Kerrick Miller-Brown (defendant) and a codefendant were charged, in a misdemeanor complaint, with multiple offenses. Following the denial of his motions to suppress evidence, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of so much of the accusatory instrument as was applicable to him. On appeal, defendant argues that the accusatory instrument was never formally converted to an information and, as he never waived his right to be prosecuted by information, the judgment of conviction must be reversed; that the plea colloquy did not establish that the plea was knowingly, voluntarily and intelligently rendered; that his statements should have been suppressed either as the fruit of an investigatory detention without reasonable cause or unwarned custodial interrogation; and that a showup identification should have been suppressed as the result of an overly suggestive identification proceeding. We find these contentions either unpreserved for appellate review or without merit.
“By statute, a defendant has the right to be prosecuted by information” (People v Weinberg, 34 NY2d 429, 431 [1974]; see CPL 100.10 [1]; 170.65 [1], [3]), and the record does not reveal that the accusatory instrument was ever formally converted to an information or that defendant waived his right to be prosecuted by information (see People v Casey, 95 NY2d 354, 359 [2000]; People v Connor, 63 NY2d 11, 14 [1984]; People v Riser, 22 Misc 3d 88, 90 [App Term, 2d, 11th & 13th Jud Dists 2009]). However, the accusatory instrument may be construed to satisfy the formal requirements of an information. Each count in a multicount instrument may be considered independently for purposes of pleading sufficiency (see CPL 170.30 [1]; e.g. People v Minor, 144 Misc 2d 846, 848 [App Term, 2d & 11th Jud Dists 1989]), and, if the allegations in the accusatory instrument satisfied the pleading requirements of an information as to any of the counts, the accusatory instrument would support defendant’s guilty plea to disorderly conduct, an uncharged offense (see People v Kalin, 12 NY3d 225, 228 [2009]; People v Williams, 25 Misc 3d 15, 18 [App Term, 9th & 10th Jud Dists 2009]). A defendant, for purposes of a plea disposition, may plead guilty to an offense that is “neither charged in the [accusatory instrument] nor included as a lesser included offense for purposes of plea bargaining” (People v Keizer, 100 NY2d 114, 117 [2003]).
Defendant contends that the accusatory instrument depends, for the sufficiency of the allegations of each count, upon the hearsay allegations of an eyewitness to the commission of all of *47 the offenses charged and, thus, cannot satisfy the pleading requirements of an information. However, a guilty plea forfeits a hearsay objection to an information’s sufficiency (id. at 123 [“Having pleaded guilty, defendant cannot now revisit an alleged hearsay defect (in an information). This claim is forfeited by operation of law as a consequence of his (or her) guilty plea”]).
The accusatory instrument contains defendant’s admission that he aided and abetted, as the “lookout,” the codefendant’s commission of two of the three offenses alleged in the accusatory instrument, namely, that, as an eyewitness informed the arresting officer shortly before the officer encountered defendants, the codefendant broke the driver’s side window of an automobile parked a half block away from that encounter and removed the rearview mirror and a GPS device. Defendant does not deny that, absent a hearsay issue, the facts are legally sufficient to establish at least one of the offenses alleged in the instrument.
However, “[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed” (CPL 60.50). Although CPL 60.50 refers to “convictions,” the corroboration requirement, applicable by statute to indictments (CPL 190.65 [1]), has been extended to require allegations of corroborative evidence in misdemeanor accusatory instruments (e.g. People v Suber, 35 Misc 3d 53 [App Term, 2d, 11th & 13th Jud Dists 2011]; People v Dolan, 1 Misc 3d 32, 34 [App Term, 1st Dept 2003]). Even at a trial, the evidentiary threshold for corroboration is “low” (People v Chico, 90 NY2d 585, 591 [1997]), requiring only “some proof, of whatever weight, that a crime was committed by someone” (People v Daniels, 37 NY2d 624, 629 [1975]). Further, “[i]n general, CPL 60.50 does not require corroboration of the mental element of the crime charged” (People v Chico, 90 NY2d at 590), nor need the corroboration constitute “additional proof . . . connecting] the defendant with the crime” (People v Lipsky, 57 NY2d 560, 571 [1982]) or “corroborate the] confessions or admissions in every detail” (People v Booden, 69 NY2d 185, 187 [1987]). We note that the prima facie proof requirement for an accusatory instrument is lower than what is required to prove the offenses beyond a reasonable doubt at a trial (People v Henderson, 92 NY2d 677, 680 [1999]).
Here, the accusatory instrument states that an identified eyewitness informed the complainant that, at a specified time *48 and location, he had observed defendant standing beside an automobile while the codefendant broke a window and stole property from within the vehicle, and another identified informant told the complainant that he was the automobile’s “legal custodian” and that he had not given defendant (or the codefendant) permission to damage the car or to remove anything from the interior. A defendant’s presence at the scene of an offense may indicate “a consciousness of guilt” (People v Lipsky, 57 NY2d at 571), and, thus, the corroboration requirement was satisfied.
Defendant’s challenge to the sufficiency of his guilty plea is not preserved for appellate review (CPL 470.05 [2]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Toxey, 86 NY2d 725 [1995]; People v Perry, 60 AD3d 974 [2009]), and none of the exceptions to this rule are apparent on this record (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Rivera, 24 AD3d 1033 [2005]). Defendant’s challenge to the propriety of the officers’ initial stop, detention, and questioning (CPL 140.50 [1]; see People v Hollman, 79 NY2d 181, 185 [1992]; People v Mais, 71 AD3d 1163, 1164 [2010]; cf. People v Terrell, 185 AD2d 906, 907 [1992]; People v Chinchillo, 120 AD2d 266, 268 [1986]) is also not preserved for appellate review as defendant never raised this claim before the hearing court, which, consequently, never ruled on the issue (CPL 470.05 [2]; People v Adams, 57 NY2d 1035, 1037 [1982]; People v Gilyard, 32 AD3d 1046 [2006]; People v Green, 10 AD3d 664 [2004]).
The hearing record supports the conclusion of the judicial hearing officer, as adopted by the Criminal Court, that defendant was not in custody when he uttered his incriminating statement. The hearing court credited the arresting officer’s narrative of the events leading to defendant’s arrest, a determination that is entitled to great deference on appeal unless clearly unsupported by the record (People v Prochilo, 41 NY2d 759, 761 [1977]; People v Marinus, 90 AD3d 677, 678 [2011]). The question is whether a reasonable person in defendant’s position, innocent of any crime, would have believed that he or she was in custody at the time the statement was made (People v Yukl, 25 NY2d 585, 589 [1969]; see also People v Centano, 76 NY2d 837, 838 [1990]). Not all temporary detentions of suspects for on-the-scene investigative questioning trigger Miranda warnings (People v Alls, 83 NY2d 94, 99 [1993]; see Miranda v Arizona, 384 US 436 [1966]). Here, defendant was stopped and asked a single generic question as to his activities, and was thereafter *49 merely required to remain at his location, on a street corner, while the officer left for several minutes to speak to a witness. When the officer returned to where defendant had been waiting in the company of other plainclothes police officers, but otherwise unrestrained, the officer asked defendant essentially the identical question and received the incriminating response. It was only after this response and a subsequent showup that the officer arrested defendant. Absent from these circumstances are any of the indicia of custody that would induce defendant reasonably to believe that he was under arrest.
Finally, defendant’s claim that the showup evidence should have been suppressed is also without merit. Although generally disfavored, showup procedures are permitted “where . . . employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification” (People v Guitierres, 82 AD3d 1116, 1117 [2011]; see generally People v Ortiz, 90 NY2d 533 [1997]; People v Duuvon, 77 NY2d 541 [1991]). “[T]he limits of an appropriate time between the alleged crime and a showup identification may vary from case to case” (People v Johnson, 81 NY2d 828, 831 [1993]; see also People v Brisco, 99 NY2d 596, 597 [2003]). While the People “must demonstrate that the showup was reasonable under the circumstances,” it is defendant’s “ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression” (People v Ortiz, 90 NY2d at 537).
Here, the showup commenced about 35 minutes after the officers had received the radio report, at the scene of the automobile break-in, and at a location the officer described as “lit” and a half block from where the police had encountered defendant. Although plainclothes police officers were present, defendant was not handcuffed or otherwise subject to restraint. Aside from the presence of persons who were obviously police officers, there are no other facts from which undue suggestiveness may be inferred (see People v Gatling, 38 AD3d 239, 240 [2007]; People v Lockhart, 12 AD3d 842, 844 [2004]; see also People v Wilburn, 40 AD3d 508, 509 [2007] [“The fact that defendant. . . was viewed in the presence of plainclothes officers and his codefendant . . . did not render the identification procedure unduly suggestive”]; People v Samuels, 39 AD3d 569, 570 [2007]). Thus, the People satisfied their initial burden to establish the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification and defendant did not satisfy his burden of proving that the procedure was unduly suggestive (People v Gonzalez, 57 AD3d 560, 561 [2008]).
*50 Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Rios, JJ., concur.