OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
The People charged defendant with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), alleging that defendant had entered a retail store with an empty store merchandise box, filled the box with merchandise taken from a store shelf, and obtained a refund of the price of the merchandise. The accusatory instrument relied on, and incorporated by reference, the supporting depositions of a named store employee and a named police officer. At the November 4, 2009 arraignment, defendant accepted an offer of an adjournment in contemplation of dismissal on condition that he complete a “Stoplift” program. It is undisputed that, following the arraignment, the supporting depositions could no longer be located. Defendant failed to complete the program, and, on December 10, 2009, defendant appeared with counsel and requested a trial. The matter was adjourned to February 4, 2010 “for conversion.” On February 4, 2010, the People stated that they had not yet converted the complaint, and the matter was adjourned to March 31, 2010. On February 11, 2010, having been unable to locate the original supporting depositions, the People obtained and filed corroborative affidavits from the employee and the police officer, each attesting that they had read the complaint and that the facts asserted therein were true to their personal knowledge. On the same date, the People served and filed a declaration of readiness for trial.
On November 18, 2010, defendant moved to dismiss the accusatory instrument, arguing that defendant had never waived his right to be tried by information, that the affidavits were legally insufficient to convert the complaint to an information, and, accordingly, that the People had failed effectively to declare *46 their trial readiness within the 90-day statutory time (see CPL 30.30 [1] [b]). By order dated January 10, 2011, the Criminal Court (Gilbert C. Hong, J.) denied the motion, finding that the motion was untimely (see CPL 255.20 [1]), that the affidavits were legally sufficient to convert the complaint to an information, that the People had timely declared their readiness for trial, and that there was insufficient post-readiness delay chargeable to the People to establish a speedy trial violation.
At the trial, in the course of the cross-examination of the store employee, the employee acknowledged that he could not recall either reading the accusatory instrument or having executed the corroborative affidavit. Before the verdict was rendered, defendant moved to dismiss the accusatory instrument, arguing that the employee’s admissions established that the complaint had never been converted to an information, that the court, accordingly, had never acquired jurisdiction to try defendant, and that the People’s speedy trial time had expired. The People opposed, and the Criminal Court (Michael Gerstein, J.) found the motion timely (see CPL 255.20 [3]) but without merit, and convicted defendant of the attempt to commit both of the charged offenses (31 Misc 3d 1236[A], 2011 NY Slip Op 51009[U] [2011]).
On appeal, and relying principally on People v Daryl K. (NYLJ, July 7, 1993 at 24, col 6 [App Term, 2d Dept, 2d & 11th Jud Dists 1993], lv denied sub nom. People v Khan, 82 NY2d 721 [1993]; see also People v Vasquez, NYLJ, Oct. 23, 1995 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]), defendant argues that the dismissal motion was timely because the hearsay defect was latent and could not have been discovered prior to trial by due diligence; that he never actually or constructively waived his right to be tried by information; that the employee’s trial admissions established that the People had never converted the complaint to an information, and that, accordingly, the People’s speedy trial time had expired, requiring that the complaint be dismissed.
There is no dispute that the accusatory instrument, as supplemented by the affidavits of the store employee and police officer, was sufficient on its face to constitute an information, and that the employee’s trial testimony was legally sufficient to verify the complaint and to support the convictions. In Matter of Edward B. (80 NY2d 458 [1992]), the Court of Appeals held that the discovery, after the pretrial stage of the proceedings, of latent hearsay defects in a juvenile delinquency petition did not require the petition’s dismissal. Although the Court of Appeals *47 recognized that the rule for facial sufficiency under Family Court Act § 311.2 was based on Criminal Procedure Law § 100.40 (id. at 464), this court declined to extend that rule to the criminal court context in Daryl K., on the ground that delinquency petitions and criminal court accusatory instruments satisfy different requirements with respect to notice and trial jurisdiction.
We now hold that the rules for the facial sufficiency of Family Court juvenile delinquency petitions (see Family Ct Act §§ 311.1, 311.2) and criminal court accusatory instrument practice (see CPL 100.15, 100.40) are sufficiently similar so that the analysis of the Court of Appeals in Matter of Edward B. should apply to latent hearsay issues in purportedly converted misdemeanor complaints after the pretrial stage of proceedings. This is especially true in light of the Court of Appeals’ subsequent decision in People v Casey (95 NY2d 354 [2000]), which held that, because the pleading requirements of the Family Court Act and the Criminal Procedure Law are “virtually identical” (id. at 361), criminal court accusatory instruments, like delinquency petitions, should be reviewed for facial sufficiency solely within their four corners and that hearsay defects in accusatory instruments are nonjurisdictional and waivable (see e.g. People v George, 37 Mise 3d 1231[A], 2012 NY Slip Op 52250[U], *4 [Crim Ct, Queens County 2012]; People v Dorlice, 34 Misc 3d 1229[A], 2012 NY Slip Op 50293[U], *5 [Crim Ct, Kings County 2012]; People v Flores, 189 Misc 2d 665, 667 [Crim Ct, Queens County 2001]; People v DeLeon, 157 Misc 2d 62, 66 [Crim Ct, Kings County 1993]; cf. People v Honshj, 176 Misc 2d 170 [Crim Ct, Kings County 1998]). In this case, the accusatory instrument, as supplemented by the corroborative affidavits, was sufficient on its face to constitute a criminal court information, and, because the hearsay defect, albeit not discovered until the midst of trial, is not of a nature that implicates the purposes of requiring that accusatory instruments be properly pleaded (Matter of Edward B., 80 NY2d at 464-465; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]; see also Matter of Neftali D., 85 NY2d 631, 634-637 [1995]), there was no speedy trial violation and the Criminal Court properly declined to dismiss the accusatory instrument. Reading Matter of Edward B. in tandem with the Court of Appeals’ subsequent decision in People v Casey, any reliance on Daryl K. or Vasquez is misplaced.
Accordingly, the judgment of conviction is affirmed.
Weston, J.E, Rios and Aliotta, JJ., concur.