The People of the State of New York, Respondent,
against
Wayne Washington, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Geraldine Pickett, J., at trial; Michael J. Yavinsky, J., at sentence), rendered February 13, 2013. The judgment convicted defendant, after a nonjury trial, of attempted criminal obstruction of breathing or blood circulation.




ORDERED that the judgment of conviction is reversed, on the facts, and the accusatory instrument is dismissed.
Defendant was charged in a criminal complaint with assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). The complaint alleged, among other things, that defendant had punched the complainant in the head and choked her with his hands. In a supporting deposition, the complainant stated that the allegations in the complaint were true. Prior to the trial, with the People's consent, the Criminal Court dismissed the count of assault in the third degree, and reduced the count of criminal obstruction of breathing or blood circulation to attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]). Following the trial, the Criminal Court found defendant guilty only of attempted criminal obstruction of breathing or blood circulation.
On appeal, defendant contends that the verdict of guilt of attempted criminal obstruction of breathing or blood circulation was against the weight of the evidence, particularly because the Criminal Court had found defendant not guilty of all of the other counts. Defendant further claims that, because the complainant testified that she had never seen or read the criminal complaint, her supporting deposition, in which she stated that the allegations in the complaint were true, was insufficient to convert the complaint to an information and, thus, the accusatory instrument was defective as a basis for prosecution.
In People v Antonovsky (41 Misc 3d 44, 46-47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), this court held that where, at the trial, the complaining witness testifies that he or she did not recall reading the accusatory instrument or signing the corroborative affidavit, a motion to dismiss was properly denied, as the defect involved was a latent hearsay defect that is not jurisdictional (see People v Butler, 45 Misc 3d 134[A], 2014 NY Slip Op 51726[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Glover, 41 Misc 3d 143[A], 2013 [*2]NY Slip Op 52059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Contrary to defendant's contention, there is no basis to distinguish Antonovsky under the facts and circumstances of this case.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Based on, among other things, the extensive evidence of the complainant's erratic behavior, her motive to falsely accuse defendant of hitting and choking her, and various contradictions between the allegations of the accusatory instrument and the supporting deposition that defendant had punched her and choked her with his hands, compared to her trial testimony that defendant had not punched her and choked her with his arms, a not guilty verdict would not have been unreasonable (see People v Romero, 7 NY3d 633 [2006]). In addition, we note that her testimony that she did not tell the police that defendant had punched her in the head was directly contradicted by the testimony of the arresting officer (see People v Garcia, 45 Misc 3d 130[A], 2014 NY Slip Op 51580[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In view of the foregoing, we find that the verdict of guilt was against the weight of the evidence.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Elliot, J.P., Weston and Solomon, JJ., concur.
Decision Date: July 26, 2016