The People of the State of New York, Respondent,
against
Ray Sanchez, Appellant.



Appeal from judgments of the District Court of Suffolk County, First District (James A. McDonaugh, J.), rendered July 31, 2014. The judgments convicted defendant, upon jury verdicts, of endangering the welfare of a child and exposure of a person, respectively.




ORDERED that the judgments of conviction are affirmed.
On October 22, 2013, the People charged defendant, in separate informations, with endangering the welfare of a child (Penal Law § 260.10 [1]) and exposure of a person (Penal Law § 245.01). The accusatory instruments to which were attached the supporting depositions of the then eight-year-old female victim and her mother, alleged that a man had exposed himself to the child in a department store. The child immediately informed her mother of the incident and pointed to defendant, whereupon the mother took cell phone photographs of defendant before he departed the store a few minutes later. The mother reported the incident to store security officers and later transmitted those photographs to the police.
Defendant's photograph was disseminated, and, about two weeks later, he was identified and arrested. After being given Miranda warnings and waiving those rights, defendant admitted to a detective that he had exposed himself in the store to the child, but insisted that the exposure was unintentional. Defendant's admissions were made a part of the accusatory instruments. The detective, the complainant in both accusatory instruments, stated that the information contained in the instruments was based on his personal knowledge. The child's supporting deposition, sworn to before the detective, included the assertions that she had spoken to the detective about the distinction between telling the truth and lying, and that not telling the truth "when you swear or take an oath," would subject her to punishment.
Both the child and her mother subsequently viewed a photo array, and both identified defendant's photograph to depict the person whom the child had identified as having exposed himself in the store.
The District Court denied defendant's motion to dismiss the accusatory instruments for facial insufficiency, on condition that the People produce an affidavit from the complainant's superior officer attesting to the complainant's verification of the instruments before him in accordance with CPL 100.30 (1) (a) and (3). The District Court also ruled that the victim's capacity to swear to the truth of her supporting deposition need not be reviewed, as the informations were facially sufficient without that deposition. Following a hearing, the District [*2]Court declined to suppress defendant's statement and the photo array identifications, rejecting, among other things, defendant's claims that the People's pretrial notice of the mother's identification was untimely; that, in light of the complainant's hearing testimony, the complainant's assertion that the facts stated in the accusatory instrument were based on personal knowledge was untrue, requiring that the instruments be dismissed; and that the identification procedures were unduly suggestive.
At a jury trial, the victim, then nine years old, testified under oath (see CPL 60.20 [2]), without objection, to defendant's conduct during the department store incident. The victim's mother testified to her daughter's behavior and statements at the time of the incident and to her own observations of the person identified by her daughter as having exposed himself to her. The jury convicted defendant of both charges. Defendant appeals, and we affirm the judgments of conviction.
Criminal court accusatory instruments are "reviewed for facial sufficiency solely within their four corners" (People v Antonovsky, 41 Misc 3d 44, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see People v Thomas, 4 NY3d 143, 146 [2005]; People v Casey, 95 NY2d 354, 361 [2000]; People v Butler, 45 Misc 3d 134[A], 2014 NY Slip Op 51726[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), notwithstanding that a witness's trial testimony impeaches his or her statements in support of an accusatory instrument or reveals those statements to be based on hearsay (see e.g. People v Washington, 52 Misc 3d 140[A], 2016 NY Slip Op 51164[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Glover, 41 Misc 3d 143[A], 2013 NY Slip Op 52059[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Such defects are deemed latent and do not create insufficiencies in the instruments themselves (see People v Antonovsky, 41 Misc 3d at 46; see also People v Gordon, 88 NY2d 92, 96 [1996]; Matter of Edward B., 80 NY2d 458, 465 [1992]). The deficiency here is based on the complainant's impeachment, at a pretrial hearing, of his statement in the accusatory instruments that the factual assertions therein were based entirely on his personal knowledge. Although, technically, a hearing is not a part of a "trial" (see CPL 1.20 [11]), the rule that a witness's trial testimony cannot create insufficiencies in the accusatory instrument has been applied to a witness's testimony at post-arraignment pretrial proceedings (see e.g. People v Netusil, 34 Misc 3d 137[A], 2011 NY Slip Op 52410[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Christiansen, 19 Misc 3d 134[A], 2008 NY Slip Op 50693[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also Matter of Edward B., 80 NY2d at 465; People v Milowski, 34 Misc 3d 137[A], 2011 NY Slip Op 52408[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Further, defendant's highly incriminating statements during his interview with the complainant as set forth in the accusatory instrument were adequately corroborated by information provided by the victim's mother in her supporting deposition (see CPL 60.50). Defendant's claims that incriminating statements cannot be corroborated by hearsay, or that, without admissible declarations of the victim, the totality of the facts known to the complainant on personal knowledge did not make out a prima facie case, address nonjurisdictional matters which must be timely asserted in a "pretrial motion" (see CPL 170.30 [1] [a]; [2]; 255.20; People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d at 362-363; People v Glover, 41 Misc 3d 143[A], 2013 NY Slip Op 52059[U], *1).
Moreover, the accusatory instruments were facially sufficient even without the victim's supporting deposition. As the District Court properly concluded, the factual allegations set forth in the accusatory instruments are based upon both the personal knowledge of the complainant, namely, defendant's incriminating statements, and the sworn observations of the victim's mother. Defendant's statements to the complainant established all of the elements of the offenses charged aside from intent, which may be inferred, for pleading purposes, from the facts. While defendant's admissions to the complainant required corroboration (see CPL 60.50; People v Chan, 36 Misc 3d 44, 47 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2012] [the CPL 60.50 "corroboration requirement, applicable by statute to indictments (CPL 190.65 [1]), has been [*3]extended to require allegations of corroborative evidence in misdemeanor accusatory instruments"]), the evidentiary threshold for corroboration is "low" (People v Chico, 90 NY2d 585, 591 [1997]), requiring only "some proof, of whatever weight, that a crime was committed by someone" (People v Daniels, 37 NY2d 624, 629 [1975]). With respect to intent, " CPL 60.50 does not require corroboration of the mental element of the crime charged' (People v Chico, 90 NY2d at 590), nor need the corroboration constitute additional proof . . . connect[ing] the defendant with the crime' (People v Lipsky, 57 NY2d 560, 571 [1982]) or corroborat[e the] confessions or admissions in every detail' (People v Booden, 69 NY2d 185, 187 [1987])" (People v Chan, 36 Misc 3d at 47).
In any event, the victim's supporting deposition, even if deemed to be unsworn, could, at the very least, be properly considered to corroborate defendant's incriminating admission (People v Mendoza, 49 AD3d 559, 560 [2008]). Here, that corroboration "includ[ed] the defendant's own statements to the police" (id.; People v McIver, 15 AD3d 677, 678 [2008]). Finally, although the circumstances herein involved the corroboration of the statements of defendant and the victim with respect to each other, it is well settled that such cross-corroboration is permitted (see People v Zerbst, 147 AD2d 844, 846 [1989], affd 74 NY2d 888 [1989]; see also People v Coleman, 42 NY2d 500, 506 [1977]; People v Berlin, 39 AD3d 351, 352 [2007]; People v Bitting, 224 AD2d 1012, 1013 [1996]).
Contrary to defendant's contention, the accusatory instruments were properly verified. In response to defendant's motion to dismiss the accusatory instruments for facial insufficiency, the District Court directed the People to file a verification affidavit pursuant to CPL 100.30 (1) (b) (see CPL 100.30 [2]). The People subsequently filed superseding instruments which bear the notice provided by CPL 100.30 (1) (d) and which are signed by the complainant, who provided his rank, shield, squad and command information. Attached thereto are the affidavits of a detective, sworn before a notary public (see CPL 100.30 [1] [e]), in which the detective likewise provided his rank, shield, squad, and command information, and who asserted that he was the complainant's superior officer at the time the complainant verified the original informations in the detective's presence, and, in that capacity, that he also signed the informations (see CPL 100.30 [1] [b]; see e.g. People v Holmes, 93 NY2d 889, 890-891 [1999]).
Suppression of the pretrial identifications was properly denied. The photo array was arranged and presented in a manner that was not unduly suggestive, and, contrary to defendant's assertions on appeal, there is no evidence that either witness had viewed the media photographs or the photos retained on the mother's cell phone. The defense had every opportunity to question the witnesses on these matters and the cell phone photo was not included in the photo array (see e.g. People v Butts, 154 AD2d 729, 730 [1989]). In any event, the extent of the contacts between the victim (and her mother) and defendant established that there was an independent source for the identifications (see People v Marshall, 26 NY3d 495, 504 [2015]; People v Colon, 32 AD3d 791, 791-792 [2006]).
The People's failure to provide timely CPL 710.30 (3) notice to the defense with respect to the mother's photo array identification is excused because defendant "moved to suppress the identification testimony and received a full hearing on the fairness of the identification procedure" (People v Kirkland, 89 NY2d 903, 904-905 [1996]; People v Alcantara, 78 AD3d 721, 722 [2010]; see also People v Sepulveda, 40 AD3d 1014, 1014 [2007] [Wade hearing on an untimely noticed identification procedure rendered the notice violation "irrelevant"]).
Defendant argues that the trial court should not have admitted the Miranda rights card into evidence given that it was impermissibly obtained from a sealed file, and, consequently, that his statements should have been suppressed as a sanction. However, the Miranda card was utilized in two separate investigations, one of which was terminated and the records in relation thereto sealed. The other investigation remained active and culminated in the proceedings from which defendant appeals. Thus, the card was not subject to sealing (see CPL 160.50 [1]), and its initial, physical inclusion among the records to be sealed was inadvertent. In People v Patterson (78 NY2d 711, 713 [1991]), the Court of Appeals, confronted with the question of whether, in [*4]analogous circumstances, suppression of evidence (an identification) was required, stated that, "where there has been a violation of CPL 160.50, to wit: the failure to return defendant's photograph taken in connection with an unrelated charge which was dismissed and the file ordered sealed, and the subsequent use of that photograph in an identification procedure in relation to defendant's prosecution in [a subsequent] proceeding," suppression was not required. The Court noted that the violation implicated no "fundamental constitutional interests or considerations" (id. at 717) such as might implicate the exclusionary rule, but only rights conferred by statute to reinforce an innocent person's right to be free from the stigma of a wrongful accusation (see also People v Torres, 291 AD2d 273, 274 [2002] [a sealed photograph, "redacted to conceal its origin from the jury," was properly admitted because "(e)vidence obtained as a result of a statutory violation lacking constitutional implications has long been held admissible as evidence of guilt"]). In the case at bar, unlike Patterson, the document (rights card) was not properly sealed and, like Torres, it was redacted to conceal its origins from the jury. Thus, there is no legal ground to require the suppression of the evidence much less the suppression of defendant's statements following the waiver of the rights stated thereon.
Finally, defendant argues that the victim's mother's testimony should have been limited to that of a "prompt outcry" witness, who may testify to matters that are otherwise hearsay, namely, "that a timely complaint was made," but not " further testimony concerning details of the incident' " (People v Brewer, NY3d , 2016 NY Slip Op 07704, *5 [2016], quoting People v Rice, 75 NY2d 929, 932 [1990]). However, the only objection made at trial to the mother's prospective testimony was on hearsay grounds, namely, that she would be reporting hearsay statements made by the victim at the department store. To the extent that the present objection is that she should not have been allowed to testify "concerning [further] details of the incident" (People v Brewer, NY3d , 2016 NY Slip Op 07704, *5), the claim is not preserved for appellate review (see CPL 470.05 [2]). Were we to address the merits, we would find no error (see People v McDaniel, 81 NY2d 10, 17 [1993]; People v Caban, 126 AD3d 808, 808 [2015]; People v Richardson, 300 AD2d 13, 14 [2002]).
Accordingly, the judgments of conviction are affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 24, 2017