The People of the State of New York, Respondent, 
against
Synclair Mason, Appellant.




New York City Legal Aid Society (Jonathan Garelick of counsel), for appellant.
Queens County District Attorney (John M. Castellano and Johnnette Traill of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered March 10, 2016. The judgment convicted defendant, upon her plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor, and harassment in the second degree (Penal Law § 240.26 [1]), a violation. Pursuant to a plea agreement, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20), an uncharged violation, in satisfaction of the accusatory instrument. On appeal, defendant challenges the facial sufficiency of the accusatory instrument, contending that the accusatory instrument failed to provide facts sufficient to allege that she had caused physical injury to the victim or possessed the requisite intent for either of the charged offenses. 
When a defendant is charged in an information, he or she is statutorily permitted to plead guilty, with the consent of the People and the court, to a lesser included offense for pleading purposes, as that term is defined in CPL 1.20 (37) and 220.20 (see CPL 220.10 [4] [b]; 340.20 [1]) (hereinafter "lesser included offense"), and, by common law, to plead to a lesser offense which does not qualify as a lesser included offense and which otherwise may have no factual [*2]support in the accusatory instrument (see People v Keizer, 100 NY2d 114, 117-118 [2003]; People v Chan, 36 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). A guilty plea to an uncharged lesser offense that does not constitute a lesser included offense, such as the one involved herein, does not forfeit a defendant's right to challenge the facial sufficiency of the accusatory instrument, i.e., to argue that it is jurisdictionally defective, even if raised for the first time on appeal (see People v Konieczny, 2 NY3d 569, 573 [2004]; People v Taylor, 65 NY2d 1, 5 [1985]; People v Case, 42 NY2d 98 [1977]).[FN1]
 The issue then is what the defendant must establish to render such a challenge successful. 

In Chan (36 Misc 3d 44), the defendant was charged with three class A misdemeanors and pleaded guilty, in full satisfaction of the accusatory instrument, to the lesser offense of disorderly conduct, a violation which was not charged therein and which did not constitute a lesser included offense. On appeal, that defendant, as in the instant case, attempted to raise a jurisdictional challenge to the sufficiency of the accusatory instrument, and this court indicated that, for the defendant's challenge to warrant a reversal of the judgment of conviction and a dismissal of the accusatory instrument, he had to successfully challenge the facial sufficiency of each and every one of the three class A misdemeanors charged therein. In other words, if, on appeal, there is a determination by the appellate court, after a review of the defendant's challenge to all of the counts contained in a multi-count accusatory instrument, that any of the unrelated higher counts contained therein is facially sufficient, or if the defendant implicitly concedes such fact by challenging some, but not all, of the higher counts, "the accusatory instrument would support [the] defendant's guilty plea to . . . [the] uncharged [lesser] offense" (Chan, 36 Misc 3d at 46). The rationale for this rule is that, since the uncharged lesser offense to which the defendant pleaded guilty is unrelated to the counts charged, i.e., it is not statutorily derived from the counts actually charged in the accusatory instrument (cf. CPL 1.20 [37]; 220.20), the accusatory instrument is jurisdictionally sufficient and can support the guilty plea to the uncharged lesser offense so long as it contains at least one facially sufficient higher grade charge.[FN2]
 

Here, since defendant expressly waived the right to be prosecuted by information, the relevant counts of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see People v Aragon, 28 NY3d 125, 127 [2016]; People v Dumay, 23 NY3d 518, 524 [2014]; see also CPL 100.15, 100.40 [4]). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).

Insofar as is relevant here, a person is guilty of assault in the third degree when, "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (Penal Law § 120.00 [1]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). 

The accusatory instrument in the case at bar alleged that, at a specified time and place, defendant "punched and kicked [the victim] in the face and body, causing a swollen right arm, [*3]face, and back, and a cut to [the victim's] right fingers" and causing the victim to sustain "substantial pain." Applying a fair and not overly restrictive or technical reading to these factual allegations, we find that, "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), they were sufficient to establish reasonable cause to believe that defendant committed assault in the third degree (see Penal Law § 120.00 [1]; People v Manuel, 57 Misc 3d 142[A], 2017 NY Slip Op 51397[U] [App Term, 1st Dept 2017]). The "physical injury" element of the assault charge was satisfied by the allegation that defendant "punched and kicked [the victim] in the face and body," causing swelling, a cut, and "substantial pain" (see People v Henderson, 92 NY2d 677, 681 [1999]; People v Johnson, 48 Misc 3d 130[A], 2015 NY Slip Op 51023[U] [App Term, 1st Dept 2015]). Defendant's intent to cause physical injury to the victim can be readily inferred, for pleading purposes, from defendant's act of punching and kicking the victim (see People v Eason, 50 Misc 3d 145[A], 2016 NY Slip Op 50288[U] [App Term, 1st Dept 2016]; see generally Dumay, 23 NY3d at 525).

As the allegations in the accusatory instrument satisfied the pleading requirements of a misdemeanor complaint as to the count of assault in the third degree, a class A misdemeanor, the accusatory instrument was jurisdictionally sufficient to support defendant's guilty plea to disorderly conduct, a violation which was not charged in the accusatory instrument and which is not a lesser included offense of assault in the third degree (see Keizer, 100 NY2d at 117-119; Chan, 36 Misc 3d at 46). Under the circumstances of this case, since we find that the count charging defendant with assault in the third degree, a higher grade offense than the violation to which defendant pleaded guilty, was facially sufficient, we need not reach the issue of whether the count charging defendant with harassment in the second degree, a violation, could alone support the guilty plea to disorderly conduct, of an offense of equal grade.[FN3]


Accordingly, the judgment of conviction is affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 18, 2019



Footnotes

Footnote 1: We note that a plea to a lesser offense does forfeit a claim that the plea was statutorily unauthorized (Keizer, 100 NY2d at 119 ["We see no constitutional impediment to the plea. Nor, in the circumstances alleged here, was there any statutory noncompliance rising to the level of a jurisdictional defect thwarting defendant's plea to a lesser crime not included in the accusatory instrument. Any claim of error that the disposition was not statutorily authorized is thus forfeited by his guilty plea" (internal citation omitted)]).

Footnote 2: It should be noted that this court has enunciated a different rule where a defendant has pleaded guilty to one or more of the counts actually charged in a multi-count accusatory instrument (or to a statutorily defined lesser included offense of a charged count), and, on appeal, raises a jurisdictional challenge. In such a case, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count(s) to which he or she pleaded guilty (see People v Dumay, 23 NY3d 518 [2014] [the record on appeal reveals that the defendant pleaded guilty to a charged offense of obstructing governmental administration in the second degree in satisfaction of the entire accusatory instrument, which also charged him with, among other things, resisting arrest, another class A misdemeanor; the defendant contended on appeal that the count of obstructing governmental administration in the second degree was facially insufficient but did not challenge the facial sufficiency of the other counts charged in the accusatory instrument; nevertheless, the Court of Appeals reviewed the facial sufficiency of the one challenged count contained in the multi-count accusatory instrument]; People v Toro, 61 Misc 3d 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Collins, 58 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] ["while defendant does not challenge the facial sufficiency of the entire accusatory instrument, we nevertheless must review the facial sufficiency of the only count challenged, to which he pleaded guilty"]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]). This rule finds support in CPL 470.55 (2), which envisions a reversal of a judgment of conviction and a dismissal for facial insufficiency of the count(s) to which the defendant pleaded guilty and, by operation of law, the reinstatement of the other count(s) contained in the accusatory instrument to its prepleading status, i.e, without the necessity of the defendant also challenging those other counts (see Washington, 50 Misc 3d 89, 91 n 2 ["CPL 470.55 (2) presupposes the review of a challenge on appeal to the facial sufficiency of the one count in a multi-count accusatory instrument to which a defendant pleaded guilty in satisfaction of the entire instrument"]). CPL 470.55 (2) does not appear to support an appellate court's rejection of a challenge to the facial sufficiency of the count(s) of the accusatory instrument to which the defendant pleaded guilty (or to which he or she pleaded guilty to a lesser included offense thereof), merely by finding that some other count contained therein was facially sufficient or by presuming the facial sufficiency of the other count(s) based upon the defendant's failure to raise an appellate challenge thereto (cf. Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U], lv denied 26 NY3d 1089; Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U], lv denied 27 NY3d 1001).~~

Footnote 3:It should be noted that, in People v Johnson (89 NY2d 905, 908 [1996]), the Court of Appeals found that, in the context of a guilty plea to a felony, a constitutional impediment existed when the defendant pleaded guilty to charges of a grade or degree equal to or higher than those for which the defendant was indicted. Subsequently, however, the Court of Appeals, in Keizer (100 NY2d at 119), found that the specific constitutional limitations, and their underlying policies, that restrict the plea process for felony charges were not present when dealing with accusatory instruments charging misdemeanors. Yet, an issue that has apparently not been addressed by the Court of Appeals in the context of accusatory instruments charging misdemeanors and/or violations, is whether, notwithstanding the absence of a constitutional impediment, there nevertheless exists an impediment, based either on statute or common law, to a defendant pleading guilty to a violation equal to,or a misdemeanor equal to or higher,than the highest sufficiently pleaded count actually charged in the accusatory instrument. In view of our finding here that the count charging defendant with assault in the third degree was facially sufficient, and in light of the fact that defendant pleaded guilty to a lesser offense, we need not reach this issue on this appeal. We note, however, that upon an appeal by a defendant challenging the facial sufficiency of a charged class A misdemeanor, to which he pleaded guilty in full satisfaction of an accusatory instrument which also charged him with a violation, the Appellate Term, First Department, in Lamb (49 Misc 3d 135[A], 2015 NY Slip Op 51483[U], lv denied 26 NY3d 1089), without any review of the count actually challenged, held that, since the defendant did not also challenge the facial sufficiency of the charged violation, the Criminal Court obtained jurisdiction over the defendant and was, therefore, authorized to accept his plea to the charged class A misdemeanor. Thus, that court has seemingly determined, based upon its reading of the common law, that an unchallenged, and therefore a presumably facially sufficient, lower grade count can support a guilty plea to a higher count, even in the absence of any statutory authority therefor (cf. CPL 200.20).