The People of the State of New York, Respondent,
against
Bolivar Ortega, Appellant.




Appellate Advocates, (Kendra L. Hutchinson of counsel), for appellant.
Queens County District Attorney, (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered October 19, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (per se), and imposed sentence. The appeal brings up for review an order of that court (Ernest F. Hart, J.) dated June 17, 2015 denying defendant's motion to suppress statement, observational and physical evidence.




ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]). The sole contention raised by defendant on this appeal is that the Criminal Court erred in denying his motion to suppress statement, observational and physical evidence obtained as the result of a traffic stop of his vehicle.
The factual findings and "credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v John, 119 AD3d 709, 710 [2014] [citations omitted]). Here, we find no basis to disturb the hearing court's factual and credibility determinations. Defendant's assertion that the arresting officer's hearing testimony as to his observations of the incident in question was incredible because he repeatedly failed to memorialize them in writing on different documents is without merit.
The traffic stop was warranted "based on considerations of public safety" (People v Bici, 32 Misc 3d 136[A], 2011 NY Slip Op 51474[U], *2 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2011]). The sudden, unsignaled swerving of defendant's vehicle partially into another lane before returning to its own constituted "erratic driving [that] provided sufficient justification for [*2]the initial stop of defendant's vehicle" (id.). The smell of alcohol from inside of defendant's vehicle and from his breath, coupled with his erratic driving, provided the arresting officer with the requisite reasonable suspicion of driving while intoxicated to order defendant to exit his vehicle (People v Williams, 55 Misc 3d 134[A], 2017 NY Slip Op 50478[U], *2 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2017]). Defendant's noticed statement, "I had two drinks," was the product of valid, pre-arrest, investigatory questioning (see People v Chan, 36 Misc 3d 44 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2012]). Because the arresting officer's observations and defendant's statement and breathalyzer test results were the lawful products of the valid traffic stop, seizure, investigatory questioning and, ultimately, arrest of defendant, the hearing court correctly denied defendant's suppression motion.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 22, 2019