The People of the State of New York, Respondent, 
against
Alejandro Morales, Appellant.




New York City Legal Aid Society (Tomoeh Murakami Tse of counsel), for appellant.
Queens County District Attorney, (John M. Castellano, Johnnette Traill, William H. Branigan and Amy Markel-Scotto of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Queens County (Bruna L. DiBiase, J.), rendered October 30, 2015. Each judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged in a misdemeanor complaint with two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]; [2]), a class A misdemeanor, menacing in the third degree (Penal Law § 120.15), a class B misdemeanor, and harassment in the second degree (Penal Law § 240.26 [1]), a violation, with respect to incidents occurring in May 2015. In a separate misdemeanor complaint, defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor, with respect to an incident occurring in September 2015. After waiving prosecution by information, defendant pleaded guilty, on each complaint, to the violation of disorderly conduct (Penal Law § 240.20), an uncharged offense, in satisfaction of all charges. On appeal, defendant contends that the accusatory instruments were facially insufficient.
Defendant's facial sufficiency argument raises a jurisdictional issue and was not forfeited upon his pleas of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Kalin, 12 NY3d 225 [2009]). Since defendant expressly waived his right to be prosecuted by information, the legal sufficiency of the accusatory instruments must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). A complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or [*2]tending to support the charge (see CPL 100.15 [3]), and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
We note that, in the case of People v Chan (36 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), the defendant was charged with three class A misdemeanors and, as in the case at bar, pleaded guilty to the uncharged offense of disorderly conduct, a violation, in satisfaction of the charges. Upon a challenge to the facial sufficiency of the accusatory instrument, this court held that, where an accusatory instrument charges one or more crimes of a higher grade, a finding that any of those higher charges is facially sufficient is all that is necessary to support a guilty plea to a lesser offense which was " 'neither charged in the [accusatory instrument] nor included as a lesser included offense for purposes of plea bargaining' " (People v Chan, 36 Misc 3d at 46, quoting People v Keizer, 100 NY2d 114, 117 [2003]; see People v Mason, __ Misc 3d __, 2019 NY Slip Op 29023 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
The May 2015 incidents:
A person is guilty of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]) when, "[w]ith intent to harass another person, the actor either . . . communicates, anonymously or otherwise, by telephone, by computer or any other electronic means, or by mail, or by transmitting or delivering any other form of communication, a threat to cause physical harm to, or unlawful harm to the property of, such person." The pertinent factual allegations of the misdemeanor complaint state that, between May 2, 2015 and May 7, 2015, "defendant . . . texted [the complainant] and called her on her cell phone numerous times"; that "defendant threatened [the complainant] by texting in sum and substance, Don't come back with me, I'm going to send someone to fuck you up"; and that defendant's actions "caused [the complainant] fear of physical harm."
At the outset, we note that, for pleading purposes, the misdemeanor complaint adequately alleges that it was defendant who made the phone calls and texts. As long as the factual allegations of an accusatory instrument provide a defendant notice sufficient to prepare a defense, and are adequately detailed to prevent him from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see People v Dumay, 23 NY3d at 524; People v Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d at 231-232; People v Casey, 95 NY2d 354, 360 [2000]).
It is well settled that prohibitions of pure speech must be limited to communications that qualify as fighting words, true threats, incitement, obscenity, child pornography, fraud, defamation or statements integral to criminal conduct (see People v Marquan M., 24 NY3d 1, 7 [2014]). In People v Dietze (75 NY2d 47, 52 [1989]), the Court of Appeals cautioned that "any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence" (see also People v Golb,23 NY3d 455, 467 [2014]). The United States Supreme Court has stated that " '[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or a group of individuals" (Virginia v Black, 538 US 343, 359 [2003]). A threat has also been defined as a "true threat" when "an ordinary, reasonable recipient familiar with the context of the communication would interpret it [*3]as a true threat of injury" (United States v Francis, 164 F3d 120, 123 [2d Cir 1999]).
Contrary to defendant's arguments, the text statement involved herein is unequivocal, specific and clearly implies the use of physical violence so as to constitute a "true threat," inasmuch as "an ordinary, reasonable recipient familiar with the context of the communication" (id. at 123) would interpret, "I'm going to send someone to fuck you up" as a true threat of physical injury (cf. People v Canjura,46 Misc 3d 66 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [accusatory instrument charging defendant with harassment in the second degree for his stating to a police officer in substance, "F... you, I'll f... you up," after ignoring the police officer's orders to disperse, was held to be insufficient to constitute a threat]).
In view of the foregoing, we find that the aforementioned factual allegations were sufficient for pleading purposes to establish reasonable cause to believe that, with the intent to harass the complainant, defendant did communicate by electronic means a threat to cause physical harm to the complainant in violation of Penal Law § 240.30 (1) (a). Consequently, we need not pass on whether the allegations in the accusatory instrument with respect to the May 2015 incidents also satisfied the pleading requirements for the remaining counts in order to support defendant's guilty plea to the uncharged offense of disorderly conduct (see People v Chan, 36 Misc 3d at 46).
The September 2015 incident:
A person is guilty of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) "when he or she knowingly and unlawfully possesses a controlled substance." The pertinent factual allegations of the misdemeanor complaint charging defendant with criminal possession of a controlled substance in the seventh degree set forth that the deponent sergeant "observed the defendant . . . sitting in the front passenger's seat of [a] vehicle"; that "he observed a strong odor of marijuana . . . emanating from the . . . vehicle"; that "he recovered one metal rod containing a quantity of concentrated cannibis [sic] from the driver's side door of the . . . vehicle, one electronic vaporizer containing a quantity of concentrated cannabis from the front passenger side door of said vehicle, one napkin containing a quantity of concentrated cannibis [sic] from the center console of said vehicle and one clear plastic bag containing a quantity of marijuana from the back seat of said vehicle"; and that "his conclusion that the substances recovered are concentrated cannibis [sic] . . . is based upon his experience as a police officer and in his training in the identification and packaging of controlled substances."
The factual allegations of this misdemeanor complaint were sufficient to establish the basis of the sergeant's belief that defendant was in possession of the controlled substance concentrated cannabis (see People v Jennings, 22 NY3d 1001 [2013]; People v Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d at 229; People v Chao, 39 Misc 3d 148[A], 2013 NY Slip Op 50941[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Bracy, 31 Misc 3d 130[A], 2011 NY Slip Op 50577[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Moreover, the "presence of a controlled substance in an automobile is presumptive evidence of a knowing possession thereof by each and every person in the automobile at the time such controlled substance was found" (People v Schroeder, 15 Misc 3d 139[A], 2007 NY Slip Op 50983[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; see also Penal Law § 220.25 [1]; People v D'Angelo, 58 Misc 3d 150[A], 2018 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Therefore, defendant's challenge to the misdemeanor [*4]complaint with respect to the September 2015 incident on the ground that it failed to contain factual allegations demonstrating reasonable cause to believe that he knowingly possessed a controlled substance is without merit. Consequently, we likewise find this accusatory instrument to be facially sufficient.
Accordingly, the judgments of conviction are affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019