People v Hernandez (2020 NY Slip Op 51131(U))

[*1]

People v Hernandez (Yolanda)

2020 NY Slip Op 51131(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-2365 Q CR

The People of the State of New York,
Respondent, 
against
Yolanda Hernandez, Appellant. 

New York City Legal Aid Society (Antonio Villaamil of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, William H. Branagan
and Katherine A. Triffon of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Toko Serita, J.), rendered October 27, 2017. The judgment convicted defendant, upon her plea
of guilty, of criminal nuisance in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with one count of promoting prostitution in the
fourth degree (Penal Law § 230.20 [1]), based upon allegations that she "offered and
agreed" for an apprehended other "to engage in sexual intercourse with [an] undercover [police
officer] in exchange for forty dollars ($40) United States currency." Defendant ultimately pleaded
guilty to an uncharged count of criminal nuisance in the second degree (Penal Law § 240.45
[2]) in satisfaction of the accusatory instrument (see People v Keizer, 100 NY2d 114,
117-118 [2003]; People v Chan, 36
Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), and was
sentenced.
On appeal, defendant contends that the factual allegations of the information are facially
insufficient to support the charged count of promoting prostitution in the fourth degree.
Preliminarily, we note that defendant's "guilty plea to an uncharged lesser offense that does not
constitute a lesser included offense, such as the one involved herein, does not forfeit a
defendant's right to challenge the facial sufficiency of the accusatory instrument, i.e., to argue
that it is jurisdictionally defective, even if raised for the first time on appeal" (People v Mason, 62 Misc 3d 75,
77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
A "person is guilty of promoting prostitution in the fourth degree when he or she knowingly .
. . [a]dvances or profits from prostitution" (Penal Law § 230.20 [1]). The factual allegations
of the instant information include the date, time, location and name of the individual [*2]whom defendant was alleged to have aided in engaging in
prostitution, as well as the type of sexual act negotiated and the payment amount. The
straightforward allegation that defendant offered the sexual services of another individual to an
undercover officer in exchange for money reasonably implies that defendant "advance[d]
prostitution," i.e., that she, "acting other than as a person in prostitution or as a patron thereof, . . .
knowingly cause[d] or aid[ed] a person to commit or engage in prostitution" (Penal Law §
230.15 [1]). Consequently, the accusatory instrument was facially sufficient, as the allegations
therein gave defendant "notice sufficient to prepare a defense and are adequately detailed to
prevent . . . defendant from being tried for the same offense" (People v Casey, 95 NY2d
354, 360 [2000]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020